**FILED**
JUL 2 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **08 CR 581** |
| vs. ) | |
| ) | Violation: Title 18, United States |
| MICHAEL MOSTER ) | Code, Section 1005 |

JUDGE CONLON
MAGISTRATE JUDGE COLE

THE UNITED STATES ATTORNEY charges:

1. At times material to this indictment:

   a. Bank of America, N.A. ("Bank of America"), with offices located in Chicago, Illinois, was a national bank.

   b. Defendant MICHAEL MOSTER was employed by Bank of America as a trading assistant. Defendant MOSTER was assigned to the bank's proprietary rates trading desk where, among other things, he traded treasury securities and treasury futures on Bank of America's behalf.

   c. Traders, including defendant MOSTER, were required to truthfully and accurately keep and record their trading activity in securities and futures. In this regard, traders submitted daily handwritten reports of their trading activity on trading blotters. These trading blotters were retained with the books and records of Bank of America, and the information on the trading blotters was also entered into Bank of America's computer database system for incorporation into the bank's reports and statements.

d. The reports and statements generated from the information provided by traders, including defendant MOSTER, were widely disseminated to supervisory personnel, who were responsible for monitoring Bank of America's trading activity, including the bank's profit and loss from trading activity and the risk undertaken by the bank's traders, including MOSTER.

e. Supervisory personnel, including bank officers, would receive such reports and statements and relied upon them in order to exercise their oversight authority and to determine whether traders such as MOSTER had engaged in risky trading activity.

2. Between on or about January 5, 2004 and January 7, 2004, MOSTER made a series of false entries concerning his trading activity in treasury futures. Specifically, on or about January 5, 2004, the defendant recorded two 500-lot purchases of treasury futures in the books, reports and statements of Bank of America, N.A., when in truth and in fact, as the defendant well knew, no such purchase of treasury futures had occurred. On or about January 6, 2004, the defendant recorded two 1,000-lot purchases of treasury futures in the books, reports and statements of Bank of America, N.A., when in truth and in fact, as the defendant well knew, no such purchase of treasury futures had occurred. On or about January 7, 2004, the defendant recorded a 1,000-lot purchase of treasury futures in the books, reports and statements of the Bank of America, N.A., when in truth and in fact, as

the defendant well knew, no such purchase of treasury futures had occurred. Each of these false trades was recorded by MOSTER on a handwritten trade blotter that MOSTER submitted for entry into the bank's computer database. The practical effect of these false entries was to make it appear in the bank's books, reports and statements that the defendant's short sales of treasury securities were hedged by treasury futures. In fact, as the defendant well knew, the defendant's existing positions were not hedged, and the above-referenced futures trades were fictitious.

3. Between on or about January 5, 2004 and January 14, 2004, the defendant falsely represented to bank personnel that he had in fact entered into the futures transactions referenced in paragraph 2. As the defendant then and there knew, the above-referenced future trades were fictitious.

4. On or about January 5, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

MICHAEL MOSTER,

defendant herein, with the intent to deceive an officer of Bank of America, N.A., a national bank, knowingly made a false entry in the books, reports, and statements of Bank of America, N.A., in that the defendant recorded two 500-lot purchases of treasury futures in the books, reports and statements of Bank of America, N.A.,

when in truth and in fact, as the defendant well knew, no such purchase of treasury futures had occurred;

In violation of Title 18, United States Code, Section 1005.


_____
UNITED STATES ATTORNEY